CRAIN, J.
concurs in result.
| ,Were I sitting as the trier of fact, I would not have awarded $3.8 million in damages in this case. However, the role of the appellate court in reviewing general damage awards is to review the trier of fact’s exercise of its vast discretion in awarding damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances, that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1260-61.
In reviewing a damage award in a case that also involved a plaintiff who was diagnosed with mesothelioma, the supreme court explained that:
[i]n the initial determination of exces-siveness or insufficiency, an examination of prior awards has a limited function if indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) “similar” injuries.
Rando v. Anco Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, 1094. This court has affirmed a higher damage award in a mesothelioma case. In Terrance v. Dow Chem. Co., 06-2234 (La.App. 1 Cir. 9/14/07), 971 So.2d 1058, writ denied, 07-2042 (La.12/14/07), 970 So.2d 534, this court affirmed a jury award of $5.0 million in a survival action arising from a death caused by | ¡.mesothelioma. While I agree with my colleagues -in dissent, that Terrance presented different facts regarding that plaintiffs suffering, I also recognize that the damage award in this case is $1.2 million less than that approved in Terrance.
Despite my belief that the damage award in this case is too high, when re *773 viewed under the controlling standard of appellate review, I cannot conclude that the trier of fact’s award for the particular injury and its effect under the particular circumstances on the particular plaintiff is a clear abuse of the trier of fact’s vast discretion.